UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:13-CV-64-F

| | |
|---|---|
| VETERAN CONSTRUCTORS, INC., <br> Plaintiff, <br><br> v. <br><br> BEELER BARNEY AND ASSOCIATES <br> MASONRY CONTRACTORS, INC., and <br> LEXON INSURANCE COMPANY, <br> Defendants. <br><br> UNITED STATES OF AMERICA, for <br> the use and benefit of BEELER BARNEY <br> AND ASSOCIATES MASONRY <br> CONTRACTORS, INC., <br> Third-Party Plaintiff, <br><br> v. <br><br> TRAVELERS CASUALTY AND <br> SURETY COMPANY OF AMERICA, <br> Third-Party Defendant. | <u>ORDER</u> |

This matter is before the court on Travelers's motion for judgment on the pleadings [DE-13]. The motion is DENIED.

**PROCEDURAL AND FACTUAL BACKGROUND**

Beeler Barney and Associates ("Beeler Barney") initiated this Miller Act action against Travelers on November 11, 2013. The case was subsequently consolidated with a related suit between Veteran Constructor's and Beeler Barney. However, the only pending motion at present

is Travelers's motion for judgment on the pleadings, which requests dismissal of all claims Beeler Barney asserts against it.

Veteran Constructors was awarded a Government contract to construct facilities for the United States Coast Guard in Elizabeth City, North Carolina. Veteran hired Beeler Barney as a subcontractor to complete the masonry work on the project. After Beeler Barney had worked at the site for some time, a dispute arose between Beeler Barney and Veteran regarding the workmanship and whether Veteran paid Beeler Barney the amounts due under the subcontract. When negotiations with Veteran broke down, Beeler Barney initiated this Miller Act suit against Veteran's surety, Travelers Casualty and Surety Company.

Before Beeler Barney initiated this suit against Travelers, Veteran brought suit against Beeler Barney in the Middle District of North Carolina, seeking damages against Beeler Barney and its surety Lexon Insurance for breach of the subcontract. As noted above, that action was transferred to this court and consolidated with the Beeler Barney/Travelers case.

The issue presented by Travelers's motion is whether this action is timely under the Miller Act's one-year statute of limitations. 40 U.S.C. § 3133(b)(4). The statute of limitations begins to run when the subcontractor completes the work. *Id.* Before the Veteran case was transferred to this district, Beeler Barney filed an answer to Veteran's complaint. Therein, Beeler Barney stated that "its personnel left the site on September 7, 2012, and removed its equipment from the site, but [Beeler Barney] affirmatively states that the work was completed including all final punch list work." Beeler Barney Answer [DE-13-2] ¶ 21. September 7, 2012 is more than one year from the date that Beeler Barney commenced this action against Travelers. However, in its complaint in this case, Beeler Barney pleads that "one year has not elapsed since Veteran has

2

supplemented [Beeler Barney's] workforce and caused to be charged to Beeler Barney's account labor, material, or both on the project . . . ." Compl. [DE-1] ¶ 12.

## DISCUSSION

Travelers moves to dismiss the complaint under Federal Rule of Civil Procedure 12(c). Rule 12(c) states, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). With the exception that the court may consider the defendant's answer as well as the complaint, Rule 12(c) motion are typically analyzed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 723 (M.D.N.C. 2012). Thus, the court assumes that the complaint's well-pleaded factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *Burbach*, 278 F.3d at 405-06. However, the court need not accept the complaint's legal conclusions, unwarranted inferences drawn from the facts or unreasonable conclusions or arguments. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 231 F.3d 175, 180 (4th Cir. 2000).

Ordinarily, resolution of defenses such as the statute of limitations is not appropriate when ruling on a Rule 12(b)(6) motion to dismiss, which only tests the legal sufficiency of the complaint itself. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, if the facts sufficient to rule on the defense are alleged in the complaint, a court may reach the defense at the Rule 12(b)(6) stage. *Id.* But the Fourth Circuit has cautioned that the court may only do so "in the relatively rare circumstance" where "all facts necessary to the affirmative defense 'clearly

appear[ ] *on the face of the complaint*.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993)).

In addition to the pleadings, the court may consider a limited set of extrinsic materials when ruling on an affirmative defense at the 12(b)(6) stage without converting the motion into one for summary judgment under Rule 12(d). *See Burt v. Maasberg*, No. ELH-12-0464, 2013 WL 1314160, at *10 (D. Md. Mar. 13, 2013) (quoting *Goodman* rule that affirmative defenses may only be addressed on a Rule 12(b)(6) motion if the defense "clearly appear[s] on the face of the complaint" and adding phrase "or in other documents that are proper subjects of consideration under Rule 12(b)(6)"). The court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when deciding a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The Miller Act allows a sub-contractor to bring suit against a general contractor's surety if the general contractor fails to pay the sub-contractor in full. 40 U.S.C. § 3133(b). However, the civil action must be commenced within one year from "the day on which the last of the labor was performed or material was supplied by the person bringing the action." § 3133(b)(4). Here, Beeler Barney pleads in its complaint against Travelers that

> [o]ne year has not elapsed since Veteran has supplemented [Beeler Barney's] workforce and caused to be charged to [Beeler Barney's] account labor, material, or both on the project or Veteran caused by words, acts, and conduct [Beeler Barney] to believe that Veteran would pay [Beeler Barney] any amounts actually owing [Beeler Barney]. Therefore, [Beeler Barney's] action is timely.

Beeler Barney Compl. [DE-1] ¶ 12. Although this allegation is by no means a model of clarity, nothing on the face of this statement or anywhere else in Beeler Barney's complaint indicates that the action was filed more than one year since Beeler Barney completed the work on the project.

4

Thus, the facts necessary to resolve this defense do not "clearly appear on the face of the complaint." *Goodman*, 494 F.3d at 464.

Travelers argues Beeler Barney's answer in the Veteran action conclusively demonstrates that this action is untimely and that the court should take "judicial notice" of that pleading. As noted above, Beeler Barney stated in its answer to the Veteran complaint that it "admits that its personnel left the site on September 7, 2012, and removed its equipment from the site, but [Beeler Barney] affirmatively states that the work was completed including all final punch list work." Beeler Barney Answer [DE-13-2] ¶ 21. Because Beeler Barney filed its complaint against Travelers on November 11, 2013, more than one year after the date on which it admitted it completed the project in the Veteran case, its complaint against Travelers is untimely if the court finds Beeler Barney's admission in the Veteran case binding in this case.[1] Travelers argues Beeler Barney's pleading in the Veteran case is a binding judicial admission and Beeler Barney must be estopped from arguing that it completed the work on a different date in this case. The court does not agree.

Travelers misconstrues the nature of taking judicial notice of public records. While it is true that the court may take judicial notice of court records when considering a Rule 12(b)(6) motion to dismiss, *see Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), that does not mean every judicial pleading in another case represents an irrebuttable judicial admission, conclusively binding on the party in subsequent litigation. There is an important distinction between taking judicial notice of documents filed in other courts and using judicial

---

[1] This may not be true if the statute of limitations should be equitably tolled. In light of the discussion below, the court does not reach this issue at this stage of the proceedings and Beeler Barney is free to argue equitable tolling at later stages of this case.

notice to bind a party to the truth of the matters asserted in the court filings. The latter is not typically permitted. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted . . ., but rather to establish the fact of such litigation and related filings."); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (refusing to take judicial notice of truth of testimony in a prior proceeding on a motion to dismiss); *Sher v. Luxury Mortg. Corp.*, No. ELH-11-3656, 2012 WL 5869303, at *7 (D. Md. Nov. 19, 2012) (refusing to take judicial notice of truth of admissions in a previous criminal plea hearing on a motion to dismiss). Thus, at the Rule 12(b)(6) motion to dismiss stage, the court may take judicial notice of the fact that Beeler Barney admitted in a prior proceeding that it completed the work more than one year before it filed suit against Travelers, but the court may not find that the admission is conclusively binding on Beeler Barney in this case. At least, the court may not do so without giving Beeler Barney an opportunity to explain the discrepancy.

This conclusion also finds support in the Seventh Circuit's decision in *Enquip, Inc. v. Smith-McDonald*, 655 F.2d 115 (1981). In *Enquip*, the Seventh Circuit held that an admission in a prior suit is admissible as an evidentiary matter against a party, but not as a binding or conclusive judicial admission. *Id.* at 118. The Seventh Circuit explained that "[w]hen a statement or plea from another case is sought to be used as an admission in a second suit, courts are therefore careful to allow the opposing party a full opportunity to explain the purported admission to demonstrate that there is an issue of material fact [because there may be a legitimate explanation for the inconsistent positions]." *Id.*; *see also Slate Printing Co. v. Metro Envelope Co.*, 532 F. Supp. 431, 435 (N.D. Ill. 1982) ("'Strictly applied, however, [a finding that a

6

pleading in a prior action is binding in subsequent actions] would place a litigant at his peril in exercising the liberal pleading and joinder provisions of the Federal Rules of Civil Procedure in that inconsistent pleadings under Rule 8[(d)(2)] could be used, in the proper circumstances, as admissions negating each other and . . . could be used in [a subsequent] action as admissions establishing liability.'" (quoting *Cont'l Ins. Co. v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971))).

The court recognizes that *Enquip* and *Slate* involved parties who had expressly pled the statements in the prior suits alternatively, whereas here Beeler Barney's admission regarding the completion date of the work was not made in the alternative in the Verteran suit. Thus, the policy reason underlying the holdings in *Enquip* and *Slate* (allowing parties to submit alternative pleadings in an earlier suit without conclusively binding themselves in subsequent litigation) is not present in this case. Moreover, as Travelers stresses, it is difficult to comprehend how Beeler Barney does not know whether it completed the work at the job site on September 7, 2012 or not. Resolution of this discrepancy is uniquely within Beeler Barney's knowledge. Nevertheless, in light of the procedural posture of this case and the law discussed above, the court is not going to dismiss Beeler Barney's complaint at this stage of the litigation. But as the foregoing discussion makes clear, Beeler Barney's admission in the Veteran suit is going to be evidence against it in this case at summary judgment or trial on the statute of limitations issue. *See Enquip*, 655 F.2d at 118. At that point, Beeler Barney will have to explain this discrepancy.

Finally, the court notes that Travelers's opening brief on the motion for judgment on the pleadings contained a lengthy argument that equitable tolling of the Miller Act's statute of limitations should not apply in this case. Beeler Barney did not respond to this in its response,

7

and Travelers requests that the court find that Beeler Barney has therefore waived any equitable tolling arguments. Because the court finds that the statute of limitation defense cannot be resolved at this stage of the proceedings, the court does not consider the equitable tolling issue waived and Beeler Barney is free to pursue it at later stages of this case.

In sum, the court concludes that Beeler Barney's admission in the Veteran suit is not a binding judicial admission in this case. Accordingly, resolution of Travelers's statute of limitations defense is not appropriate at this stage of the proceedings and Traveler's motion for judgment on the pleadings [DE-13] is DENIED.

## CONCLUSION

Travelers's motion for judgment on the pleadings [DE-13] is DENIED. At the parties' joint request, the court previously stayed discovery pending the outcome of this motion. The stay of discovery is hereby dissolved and the Clerk of Court is DIRECTED to send the parties a new request for discovery plan.

SO ORDERED.

This the 21st day of August, 2014.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge